**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3547-18T3

HSBC BANK, USA, N.A.,
AS TRUSTEE FOR WELLS
FARGO ASSET SECURITIES
CORPORATION, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-7,

     Plaintiff-Respondent,

v.

JOSE RODRIGUES,

     Defendant-Appellant,

and

ANDREA RODRIGUES,

     Defendant.

_____

        Submitted May 26, 2020 – Decided June 12, 2020

        Before Judges Sabatino and Natali.

        On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-022058-17.

Alfred V. Acquaviva, attorney for appellant.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Jose Rodrigues[1] appeals from the following four Chancery Division orders: 1) a May 17, 2018 order granting plaintiff HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7 (HSBC) summary judgment, striking defendants' answer and affirmative defenses, deeming the dispute an uncontested foreclosure, and returning the matter to the Office of Foreclosure for entry of final judgment; 2) a May 17, 2018 order denying defendants' request for a deposition of LaToya Smith who certified to the authenticity of the foreclosure documents and for an extension of discovery; 3) a March 8, 2019 order dismissing their objection to the final judgment, and; 4) an April 12, 2019 order denying their motion for reconsideration. We affirm all the orders under review.

---

[1] Although not participating in this appeal, the complaint also named Andrea Rodrigues, defendant's spouse, in order to foreclose any redemption right to the property that she may have possessed.

## I.

In October 2005, defendant gave a purchase money mortgage of $415,800 to WMC Mortgage Corporation (WMC) to purchase a residence in Kearny. The mortgage designated Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for WMC and its successors and assigns.

In March 2007, defendant executed a fixed rate note and attendant mortgage with Wells Fargo Bank, N.A. (Wells Fargo), in the amount of $438,400 to refinance the WMC mortgage and MERS filed a timely Satisfaction and Discharge of Mortgage. The Wells Fargo mortgage was properly recorded in the Hudson County Clerk's office on April 18, 2007.

Wells Fargo thereafter endorsed the note in blank and securitized it into the Wells Fargo Mortgage Backed Securities 2007-007 Trust (Trust) with a closing date of May 30, 2007, with HSBC Bank acting as the trustee for the Trust. The mechanics of the Trust are governed by a Pooling and Servicing Agreement (PSA) entered into between Wells Fargo as Master Servicer, HSBC Bank as Trustee, and Wells Fargo Asset Securities Corporation as Depositor.

Plaintiff failed to make monthly mortgage payments as required by the Wells Fargo note and the loan became delinquent and entered into default on

October 1, 2008.  Plaintiff has not made a payment on the loan since the 2008 default.

It appears from the record that the Wells Fargo mortgage was assigned twice, to two different trustees of the Trust.  The first assignment was made to U.S. Bank in February 2009 and the second assignment, which is the focus of this appeal, was made to HSBC in 2013.  On February 24, 2009, an assignment of the Mortgage from Wells Fargo to U.S. Bank, as Trustee for the Trust, was recorded in the Hudson County clerk's office.  On June 25, 2013, Wells Fargo assigned the same Mortgage to HSBC Bank, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7.  This assignment was duly recorded in the clerk's office on July 1, 2013.

As a result of plaintiff's default, U.S. Bank, the first Trustee, filed a foreclosure complaint.  Those foreclosure proceedings were ultimately dismissed for lack of prosecution in September 2013.  Defendant then filed an action in the Chancery Division naming Wells Fargo, U.S. Bank, and HSBC in which he alleged that the 2013 assignment and mortgage was void, and defendants violated the New Jersey Consumer Fraud Act, as well as United States Department of Housing and Urban Development regulations, and the Real

4

Estate Settlement Procedures Act. Defendant was also granted leave to amend his complaint to plead a quiet title claim.

The court ultimately dismissed plaintiff's complaint and concluded there was no equitable reason to discharge the mortgage, despite challenges to the assignments. We affirmed in an unpublished opinion and concluded that while the assignments were subject to question, since there were "no defects with the [m]ortgage, it follow[ed] that plaintiff [was] not entitled to an order extinguishing it[,]" see Rodrigues v. Wells Fargo Bank, N.A., No. A-2373-14, (App. Div. May 13, 2016) (slip op. at 3). Our Supreme Court denied certification, see Rodrigues v. Wells Fargo Bank, N.A., 228 N.J. 27 (2016), and the United States Supreme Court then denied defendant's petition for writ of certiorari. See Rodrigues v. Wells Fargo Bank, N.A., 138 S. Ct. 116 (2017).

Defendant thereafter filed a federal action in the United States District Court, which also named General Electric Company, as the purchaser of EMC, and MERS. Defendant alleged that MERS was without authority to discharge the October 2005 mortgage and the subsequent assignments of the underlying debt were therefore invalid resulting in the inability of any of the plaintiffs to enforce the mortgage. After the District Court dismissed defendant's complaint,

5

the United States Court of Appeals for the Third Circuit affirmed. See Rodrigues v. Wells Fargo Bank, N.A., 751 Fed. Appx. 312 (3d Cir. 2018).

On September 26, 2017, plaintiff filed the instant foreclosure action. On November 6, 2017, defendant moved to stay the foreclosure action. In denying his motion, Judge Barry P. Sarkisian held that defendant failed to meet any of the requirements for him to grant a stay in the matter as his claims "have been found to be meritless numerous times" and "there is absolutely no legal basis for any of [his] arguments." He concluded that since defendant has been in default since 2008, there was "no reason to continue to delay the action to the harm of the [p]laintiff."

Defendant moved for reconsideration of the court's denial of his November 6, 2017 motion to stay the foreclosure action based on fraud, judicial error and bias, and "pursuant to the [d]ecision by the Third Circuit[,]" which Judge Sarkisian denied in a January 24, 2018 order. In the accompanying statement of reasons, he noted that defendant "failed, and still fails, to present any evidence of irreparable harm, existence of a meritorious issue, and the likelihood of success on the merits, which is considered when granting a stay of proceedings." Judge Sarkisian emphasized that defendant "fails to present any

A-3547-18T3

new evidence, nor has [he] shown that [its] previous [o]rder was based on a palpably incorrect or irrational basis."

Plaintiff also filed a December 5, 2017 motion to strike defendant's answer and affirmative defenses, and to dismiss his counterclaims. Judge Sarkisian denied that portion of plaintiff's motion to strike defendant's answer and affirmative defenses. As to defendant's counterclaims, however, he dismissed counts two and four (that the trust was improperly securitized), three (plaintiff tampered with public records in violation of N.J.S.A. 2C:28-7(a)), six (plaintiff violated court Rules because the certifications of title search and diligent inquiry were flawed), and seven (plaintiff violated court Rules by failing to reinstate the prior foreclosure action that had been dismissed for lack of prosecution). Judge Sarkisian also granted defendant thirty days to amend his answer to allege facts to support counts one and five (fraud).

On April 6, 2018, plaintiff moved for summary judgment and defendant submitted a one-page certification opposing the motion, and cross-moved for an extension of discovery and to compel the deposition of LaToya Smith, the Wells Fargo employee who certified to the authenticity of the foreclosure documents. In a May 17, 2018 order, Judge Sarkisian first denied defendant's motion to compel LaToya Smith's deposition stating that he "failed to demonstrate how

[her] deposition . . . will lead to relevant, discoverable evidence that would contest [p]laintiff's prima facie right to foreclose" and that "[t]he questions [d]efendant seeks to ask Ms. Smith appear [to] go to the validity of the certification of diligent inquiry, which was already determined valid by this [c]ourt, and do not delve into deeper issues of standing." Furthermore, Judge Sarkisian found that defendant did not show good cause to warrant any extension of the discovery deadline as his motion was untimely, he failed to provide any relevant basis to seek the discovery, and, but for his lack of diligence, he could have obtained the deposition well within the court's deadlines.

Judge Sarkisian also granted plaintiff's motion for summary judgment and noted that plaintiff established a prima facie right to foreclose as defendant executed the mortgage, plaintiff possessed a valid assignment, and defendant had been in default since December 2008. Judge Sarkisian found that plaintiff had standing to foreclose as assignee of the mortgage and holder of the note, and that defendant did not have standing to challenge the validity of the assignments as he was not a party to those assignments. More specifically regarding plaintiff's standing to foreclose, Judge Sarkisian noted that the subject mortgage was initially assigned to U.S. Bank in 2009, "[h]owever, on June 25, 2013, by corrective assignment, Wells Fargo . . . assigned the mortgage to HSBC . . . ,

A-3547-18T3

which was recorded on July 1, 2013." As plaintiff did not file the foreclosure complaint until September 26, 2017, Judge Sarkisian concluded that "[p]laintiff has standing[] as the assignee of the mortgage prior to the initiation of the foreclosure complaint."

With respect to defendant's fraud claims, he determined that defendant failed to allege specific facts to support such claims despite granting him an additional thirty days to amend his answer. Finally, Judge Sarkisian concluded that defendant's remaining defenses and counterclaims failed to allege any factual or legal basis to support them as required by Rule 4:5-4.

Defendant moved for reconsideration, which Judge Sarkisian denied in a June 22, 2018 order. In his statement of reasons, he noted that defendant "fail[ed] to present any new evidence or cite any law to allege that the [c]ourt made its decision on an incorrect basis[,]" and defendant merely reasserted his already rejected standing argument and made "a last ditch effort to cast doubt on any facts that it incorrectly believes has any bearing on [p]laintiff's standing to foreclose." Judge Sarkisian concluded that defendant's disagreement with the court's May 17, 2018 decision was not a basis for granting his motion for reconsideration.

9                                                    A-3547-18T3

Plaintiff filed an application for entry of final judgment and included a January 15, 2019 affidavit of amount due with a corresponding schedule certified by Bianca Arlane McClure, a Wells Fargo Vice President for Loan Documentation. The attached schedule indicated a total amount due of $808,846.61 comprised of an unpaid principal balance of $430,751.51 plus interest, late charges, plaintiff's advances for real estate taxes and home owners insurance premiums, and inspections. The application also included a January 16, 2019 certification of diligent inquiry.

Defendant opposed the application, but Judge Jeffrey R. Jablonski denied defendant's objection in a March 8, 2019 order. Defendant subsequently moved for reconsideration and included a certification from William J. Paatalo, defendant's private investigator, who principally stated that the note and mortgage were assigned six times, not twice as plaintiff claimed, and that four of those assignments were unrecorded. Paatalo also claimed that the "[t]rust data shows the subject loan/debt as currently reporting . . . [a] current scheduled debt balance owed to the certificate holders/investors as being '$373,512.00'" Based on this purported new evidence, defendant contended that final judgment should not be granted as additional discovery was necessary to determine the actual holder of the mortgage.

10

On April 12, 2019, after hearing oral argument, Judge Jablonski rendered a decision on the record denying defendant's motion for reconsideration stating that he was "once again attempting to relitigate the issue of standing" as Paatalo's certification "was focused on the several assignments allegedly issued by . . . plaintiff." The court also addressed defendant's suggestion that it neglected to allow him to request further discovery and stated that he "had ample opportunity to engage in discovery and prove [his] case," but he failed to do so. He concluded that defendant had "not presented any evidence that [it] based its decision on a palpably incorrect or irrational basis, or that the [c]ourt failed to consider certain evidence that was produced[,]" and therefore, it did not act arbitrarily, capriciously, or unreasonably. Judge Jablonski then entered final judgment on April 24, 2019.

On appeal, defendant raises the following arguments[2]:

> POINT I
>
> THE WELLS FARGO FORECLOSURE MANUAL SHOWS CLEAR FRAUD AND THERE WAS SUBSTANTIAL ADDITIONAL FRAUD THROUGHOUT THE CASE FROM PLAINTIFF.

---

[2] We have modified defendant's point headings from alphabetic to numeric designations for ease of reference and removed the heading "Conclusion" as it is not a legal argument.

POINT II

THE DEPOSITION OF WELLS FARGO EMPLOYEE DONNIE JONES SHOWS THE ASSIGNMENT WAS IN ERROR.

POINT III

FAILURE TO OBTAIN DISCOVERY PREJUDICED DEFENDANT.

POINT IV

THE REPORT BY INVESTIGATOR WILLIAM J. PAATALO WAS NOT TAKEN INTO CONSIDERATION.

POINT V

THE REQUIRMENTS OF THE [U.S. SECURITIES AND EXCHANGE COMMISSION (SEC)] WERE NOT FOLLOWED IN THIS CASE AND PREJUDICED DEFENDANT.

We have carefully considered all of defendant's arguments in light of the record and the applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the orders under review substantially for the reasons stated in the cogent oral and written opinions of Judges Sarkisian and Jablonski. We offer the following brief comments.

## II.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App.

13

Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)).

It is well-established that in order to have standing in a foreclosure action, the "party seeking to foreclose a mortgage must own or control the underlying debt." Ford, 418 N.J. Super. at 597 (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, 422 N.J. Super. at 216, 225).

III.

Based on the summary judgment record, we agree with Judge Sarkisian that HSBC had standing to proceed with the foreclosure action because it possessed a valid assignment prior to filing the foreclosure complaint. Judge Sarkisian acknowledged the initial Wells Fargo 2009 assignment to U.S. Bank but also noted that Wells Fargo issued a later assignment on June 25, 2013 assigning the mortgage to HSBC, which was duly recorded on July 1, 2013, over four years prior to the September 26, 2017 foreclosure complaint. That assignment was characterized as a corrective assignment by Judge Sarkisian and we are satisfied that the summary judgment record contained no proofs raising

14

a genuine and material fact regarding the validity of the mortgage, the amount of the indebtedness, and the right of HSBC to resort to foreclosure of the mortgaged premises. Finally, defendant did not dispute that he signed the note and mortgage, defaulted on the payment, and has not paid the mortgage since 2008.

IV.

We also reject defendant's challenge to the final judgment and any challenge to the January 15, 2019 affidavit of amount due. Rule 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" filed by a mortgagor in support of the entry of final judgment, which affidavit "may be supported by computer-generated entries." Rule 4:64-2(c) requires the affiant to certify "that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer;" "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business;" "that the financial information contained in the affidavit is accurate;" and "that the default remains uncured." Any objections to the amount due must state "with specificity the basis of the dispute." R. 4:64-1(d)(3).

A-3547-18T3

As best we can determine from defendant's brief, he contends the court erred in entering the final judgment because Paatalo claimed that as a result of a "criminal act on behalf of [certain unnamed a]ttorneys[,]" the $808,846.61 sum attested to by McClure in the January 15, 2019 affidavit of amount due is incorrect. Defendant explains, without support in the record, that "[w]hen a claim becomes [ninety] days in default, [i]nsurance pays the balance in full" and pursuant to the "system" employed by Paatalo, "the actual balance owed to the certificate holders" as of April 2019 is $373,512. As noted, supra, in an April 12, 2019 order, and after hearing oral argument, the court rejected defendant's challenge to the January 15, 2019 affidavit and the $808,846.61 amount due.[3]

As Judge Jablonski cogently and correctly observed when denying defendant's motion for reconsideration, the Paatalo affidavit was improper to submit on reconsideration because it was merely newly commissioned evidence, not newly discovered evidence, and did not warrant reconsideration of the court's March 8, 2019 decision granting plaintiff's application for entry of final

---

[3] Notably, among the procedural deficiencies in defendant's appeal is his failure to enclose a copy of the transcript of the March 8, 2019 hearing when the court denied defendant's objection to plaintiff's application for entry of final judgment. See Newman v. Isuzu Motors Am., Inc., 367 N.J. Super. 141, 145 (App. Div. 2004) (finding plaintiff to have violated Rules 2:6-1(a) and 2:5-3(b) for failing to include the transcript of the hearing on the motion below).

judgment. Moreover, Judge Jablonski correctly characterized the Paatalo affidavit as a belated and futile attempt by defendant to challenge HSBC's standing, a position thoroughly rejected by Judge Sarkisian.

Further, we note that defendant himself failed to challenge anything specifically in the January 15, 2019 affidavit of amount due and the record on appeal does not appear to contain all the attachments to the Paatalo report that would address any specific objection to the amount due. The only specific argument raised concerns the real estate tax computation. Defendant contends he may have paid two quarters of the real estate taxes in 2009, however, no documentation to support this contention is included in the record.

Based on comments made by counsel at the April 12, 2019 oral argument on defendant's reconsideration application, it nonetheless appears that neither defendant, nor Paatalo, challenged the $430,751.51 amount, representing the unpaid principal balance. In addition to that sum, the $808,846.61 is comprised of interest accrued, late charges, real estate taxes advanced by plaintiff, homeowners insurance premiums, and inspections, all of which are owed by defendant as it is undisputed he has not made a mortgage payment since 2008 nor has he paid obligatory property taxes and other carrying costs.

A-3547-18T3

Accordingly, the final judgment was properly entered and defendant's motion objecting to its entry was properly denied. McClure's January 15, 2019 affidavit satisfied all of the requirements of Rule 4:64-2.

V.

In addition, after careful review of the record, we find no legal or factual support for defendant's arguments that there was evidence of "clear fraud . . . throughout the case" by plaintiff, that he was prejudiced by the court's alleged failure to allow further discovery, or that he was prejudiced by plaintiff's supposed SEC violations.

We similarly find no merit to defendant's claims of error based on the deposition of "Wells Fargo employee Donnie Jones." As we understand defendant's argument, Donnie Jones, a Wells Fargo loan verification analyst, acknowledged in a 2014 deposition in separate action that the 2009 mortgage assignment to U.S. Bank "was created in error" resulting in a break in the chain of title. In his appendix, however, defendant only includes a three-page excerpt of the deposition transcript, depriving us from considering the testimony fully and in context. In any event, defendant's argument is substantively without merit as Judge Sarkisian found that the June 25, 2013 assignment to HSBC

corrected the original, erroneous assignment to U.S. Bank and that HSBC thereafter possessed a proper assignment of the mortgage.

Finally, we find no support for defendant's claims that the trial court committed error in not extending or permitting certain discovery. We have reviewed the record and are convinced that the trial court properly exercised its discretion in denying defendant the additional discovery requested.

To the extent we have not addressed any of defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3547-18T3